# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 15, 2003 Session

## STATE OF TENNESSEE v. STEPHANIE C. HADLEY

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR-5662     Robert E. Burch, Judge**

---

**No. M2002-02441-CCA-R3-CD - Filed August 15, 2003**

---

The defendant pled guilty to felony failure to appear. Following a sentencing hearing, the trial court imposed a one-year sentence with ninety days of incarceration followed by probation. The defendant appeals the denial of full probation. We affirm the judgment of the trial court but remand for correction of a clerical error in the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Remanded for Correction of Clerical Error**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL  and ALAN E. GLENN, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee (on appeal); William (Jake) Bradley Lockert, III, District Public Defender; and Christopher L. Young, Assistant District Public Defender (at trial), for the appellant, Stephanie C. Hadley.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Suzanne M. Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty to failure to appear, a Class E felony. She did not appear at her July 18, 2001, jury trial for theft charges which were ultimately dismissed. At sentencing, the state presented a presentence report reflecting two prior convictions. The defendant testified she was unable to appear at her theft trial due to "transportation problems." She admitted she had not "really taken the [theft] case seriously." She initially testified she had only one prior conviction for writing a worthless check; however, on cross-examination, she conceded she also had a prior conviction for drug possession. The trial court imposed the presumptive sentence of one year. The trial court found full probation was not warranted, noting the defendant's untruthful testimony regarding one of her prior convictions and the need to avoid depreciating the seriousness of the offense. Therefore, the trial court ordered the defendant to serve her sentence in split confinement with ninety days

incarceration. In this appeal, the defendant contends the trial court erred in denying her full probation.

## I. STANDARD OF REVIEW

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the trial court does not comply with statutory sentencing provisions, our review of the sentence is *de novo* with no presumption the trial court's determinations were correct. State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000).

## II. ABSENCE OF GUILTY PLEA TRANSCRIPT

The facts and circumstances of the offense were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record. Since we deem the guilty plea proceeding essential to the determination of the issue presented, our proper course of action is to *sua sponte* presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); *see also* State v. Coolidge, 915 S.W.2d 820, 826-27 (Tenn. Crim. App. 1995) (specifically stating that the absence of a portion of the record relating to sentencing requires the court to presume the sentence was correct). By failing to produce an adequate record, the defendant has waived any claim that the conclusions of the trial court are incorrect. *See* State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). However, since the available record amply supports the sentencing decision of the trial court, we will address the merits of the issue raised by the defendant.

## III. TOTAL PROBATION

A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

## IV.  ANALYSIS

The record supports the trial court's finding that the defendant testified untruthfully when she stated she had only one prior conviction. *See id.* The trial court is in a much better position to determine credibility than this court. Further, the record supports the trial court's finding that there was a need to avoid depreciating the seriousness of the offense. The defendant's testimony indicated she did not take the proceedings against her seriously. Although the defendant only had two prior convictions, she had numerous other arrests which ultimately resulted in dismissals; thus, she was thoroughly familiar with the criminal justice system. We also note the trial court's observation that the defendant failed to appear before the jury summoned on her behalf.

The defendant has not met her burden of establishing her entitlement to total probation. We are unable to conclude the trial court erred in requiring the defendant to serve ninety days of incarceration as part of her one-year sentence.

## V.  CLERICAL ERROR IN JUDGMENT

While the sentencing transcript indicates the defendant was to serve ninety days of her sentence in incarceration, the judgment reflects she was to serve ninety days of probation. Where the verbatim transcript of the proceedings is in conflict with the written judgment, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Further, we note the judgment shows the defendant was sentenced to the Department of Correction. The designated place of confinement for split confinement sentences must be the local jail or workhouse. Tenn. Code Ann. § 40-35-306(a), -314(a).

We affirm the sentencing determinations of the trial court. However, we remand this matter to the trial court for entry of a corrected judgment accurately reflecting the sentence imposed by the trial court.

_____
JOE G. RILEY, JUDGE